Patrick J. Neligan, Jr.
Texas Bar No. 14866000
James P. Muenker
Texas Bar No. 24002659
**NELIGAN FOLEY LLP**
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

**PROPOSED COUNSEL FOR DEBTOR**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REGENCY 14333 TENANT, LLC | § | CASE NO. 14-50861 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

## EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE AND DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR UTILITY SERVICES

Regency 14333 Tenant, LLC ("Regency" or the "Debtor"), as debtor and debtor-in-possession, files this motion (the "Motion") pursuant to Sections 105(a) and 366(b) of the Bankruptcy Code[1] to request the entry of interim and final orders (i) prohibiting utility service providers from altering, refusing, or discontinuing service on account of pre-petition invoices; (ii) determining that the adequate assurance proposed in this Motion is sufficient under Section 366; (iii) establishing procedures for utility service providers to request different or additional adequate assurance than that proposed in this Motion; and (iv) setting a final hearing on the Debtor's proposed adequate assurance. In support, the Debtor states as follows:

---

[1] 11 U.S.C. §§ 101, *et seq.* All of the statutory references contained in this Motion, unless otherwise indicated, are to the Bankruptcy Code.

**Emergency Motion for Interim and Final Orders Prohibiting Utilities from Altering, Refusing, or Discontinuing Service and Determining Adequate Assurance of Payment for Utility Services**     **Page 1**

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. INTRODUCTION

2. On July 16, 2014 (the "Petition Date"), Regency filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Also on or prior to the Petition Date, certain affiliates of Regency (collectively with Regency, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. A motion seeking the joint administration of the Debtors' Chapter 11 cases is being filed concurrently with this Motion. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, each of the Debtors continues to operate its business and manage its properties, affairs and assets as a debtor-in-possession.

## III. BACKGROUND

3. Regency operates a skilled nursing facility with 129 beds in Baton Rouge, Louisiana (the "Facility"). A more detailed description of Regency's business and that of the other Debtors, as well as the events leading to the commencement of the Debtors' Chapter 11 cases, is set forth in the Declaration of Raymond P. Mulry (the "First Day Declaration") filed concurrently with this Motion, and is incorporated herein by reference.

## IV. RELIEF REQUESTED

4. In the ordinary course of business, Regency uses electric, water, gas, telephone/cable, trash, and other utility services provided by various utility providers

Emergency Motion for Interim and Final Orders Prohibiting Utilities from Altering, Refusing, or Discontinuing Service and Determining Adequate Assurance of Payment for Utility Services     Page 2

14-50861 - #5 File 07/16/14 Enter 07/16/14 17:31:49 Main Document Pg 2 of 9

(collectively the "Utilities"). A list of each Utility is attached hereto as **Exhibit A**.[2] Regency maintains water, sewer, gas, and trash utility services for the Facility.

5. Uninterrupted utility service is critical to Regency's ability to continue to operate the Facility and preserve the value of its estate. By this Motion, Regency seeks the entry of an interim order (the "Interim Order") pursuant to Sections 105 and 366 (i) prohibiting the Utilities from altering, refusing, or discontinuing service on account of pre-petition invoices; (ii) determining that the adequate assurance proposed in this Motion is sufficient under Section 366 of the Bankruptcy Code; (iii) establishing procedures for Utilities to request different or additional adequate assurance than that proposed in this Motion; and (iv) setting a final hearing on Regency's proposed adequate assurance (the "Final Hearing"). As adequate assurance to the Utilities, Regency proposes to provide the Utilities with a deposit equal to one (1) month of service based on Regency's average usage over the past twelve (12) months.

## V. BASIS FOR RELIEF

6. Section 366 of the Bankruptcy Code governs the rights and obligations of the Utilities as providers of utility services to Regency.[3] Pursuant to Section 366(c)(2) of the Bankruptcy Code, with respect to cases filed under Chapter 11, a utility "may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the

---

[2] For each Utility, Exhibit A lists the mailing address to which Regency remits payments. In an effort to provide adequate notice to each Utility, Regency also attempted to locate the physical address of each Utility. Out of an abundance of caution, Regency intends to serve each of the Utilities at both their post office box and physical address.

[3] Section 366 applies to entities providing electricity, natural gas, water, trash removal and/or telephone services, as well as any other entity that supplies services that can not be readily obtainable or replaced elsewhere, or which constitutes a monopoly in respect of the services its provides to Littleton. *See One Stop Realtor Place, Inc. v. Allegiance Telecom of Pa., Inc. (In re One Stop Realtor Place, Inc.)*, 268 B.R. 430, 436-437 (Bankr. E.D. Pa. 2001), Despite the wide latitude to be afforded in determining those entities that constitute utilities under Section 366, some of the companies listed on Exhibit A may also provide goods or services in the capacity other than that of a utility. These companies are not entitled to adequate assurance under Section 366 for goods and services which do not constitute "utility services." Regency reserves its right to contest whether any of the entities listed in Exhibit A are entitled to adequate protection under Section 366 for any non-utility goods or services.

**Emergency Motion for Interim and Final Orders Prohibiting Utilities from Altering, Refusing, or Discontinuing Service and Determining Adequate Assurance of Payment for Utility Services**      **Page 3**

petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility services that is satisfactory to the utility." 11 U.S.C. § 366(c)(2).

7. Section 366(c)(1)(A) provides that assurance of payment means "(i) **a cash deposit**; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (iv) a pre-payment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee." 11 U.S.C. § 366(c)(1)(A) (emphasis added). As adequate assurance of payment under Section 366, Regency proposes to provide the Utilities with a deposit in an amount equal to one (1) month of service based on Regency's average usage over the past twelve (12) months. In addition to the proposed deposit, Regency will remain current on all post-petition consumption of Utilities. The proposed deposit based on the past average usage complies with the adequate assurance requirement of Section 366. Indeed, Section 366 specifically identifies such a deposit as an appropriate means of adequate assurance. *Id.*

8. Regency will serve the Interim Order on the Utilities listed on **Exhibit A** promptly upon entry of the Interim Order in order to allow them as much time as possible under the circumstances for Regency and the respective Utilities to discuss and resolve any objections to the proposed adequate assurance. In addition, Regency is currently contacting the Utilities to discuss the proposed adequate assurance deposit (as well as other arrangements discussed above) and the procedures for requesting different or additional adequate assurance. Regency will attempt to resolve any objections to the proposed adequate assurance by mutual agreement with the respective Utility. If Regency is unable to reach an agreement, Regency requests that the Court determine the adequate assurance to be provided at the Final Hearing.

9. In order to resolve any requests for adequate assurance within the thirty (30) day period provided in Section 366(c)(2) and prevent any disruption in utility services, Regency

Emergency Motion for Interim and Final Orders Prohibiting Utilities from Altering, Refusing, or Discontinuing Service and Determining Adequate Assurance of Payment for Utility Services    Page 4

14-50861 - #5 File 07/16/14 Enter 07/16/14 17:31:49 Main Document Pg 4 of 9

requests that the Final Hearing on any such requests be set on or before August 15, 2014. Regency requests that any Utility that fails to request a determination of adequate assurance prior to the Final Hearing be deemed to have consented to such adequate assurance. *See In re Syroco, Inc.*, 2007 WL 2404295, at *2 (Bankr. D. P.R. Aug. 22, 2007) (stating that a utility provider's lack of objection, response, or counter-demand after receiving notice of hearing on utilities motion, notice of interim order, and notice of final hearing constitutes tacit acceptance of the debtor's proposed two-week cash deposit as adequate assurance of payment under Section 366).

10. Courts in this district and others have granted similar relief in other Chapter 11 cases. *See e.g., In re Piccadilly Restaurants, LLC*, Case No. 12-51127 (Bankr. W.D.La Sep. 21, 2012); *In re Louisiana Riverboat Gaming Partnership, et al*, Case No. 12-12013 (Bankr. W.D.La August 3, 2012); *In re Bass, Ltd.*, Case No 11-51393 (Bankr. W.D.La. 2011); *In re T & M Aviation, Inc.*, Case No. 10-51520 (Bankr. W.D.La. 2010); *In re Zarazoga Crossing, LP*, Case No. 09-11028 (Bankr. M.D.La. 2009); *In re Louisiana Riverboat Gaming Partnership*, Case No. 08-10824 (Bankr. W.D.LA 2008); *In re Idearc, Inc., et al.*, Case No. 09-31828 (Bankr. N.D. Tex. Apr. 17, 2009); *In re Pilgrim's Pride Corp., et al.*, Case No. 08-45664 (Bankr. N.D. Tex. Jan. 4, 2009); *In re Bag Liquidation*, Case No. 08-32096 (Bankr. N.D. Tex. Jun. 23, 2008); *In re Bombay Company, Inc.*, Case No. 07-44084 (Bankr. N.D. Tex. Sep. 20, 2007); *In re Dana Corp.*, Case No. 06-10354 (Bankr. S.D.N.Y. Mar. 6, 2006 and Mar. 29, 2006); *In re Musicland Holdings Corp.*, Case No. 06-10064 (Bankr. S.D.N.Y. Feb. 2, 2006). Regency submits that similar relief is appropriate in this case.

Emergency Motion for Interim and Final Orders Prohibiting Utilities from Altering, Refusing, or Discontinuing Service and Determining Adequate Assurance of Payment for Utility Services    Page 5

14-50861 - #5 File 07/16/14 Enter 07/16/14 17:31:49 Main Document Pg 5 of 9

## VI. PRAYER

Accordingly, Regency requests that the Court enter an order (i) granting the relief requested in the Motion and (ii) awarding Regency any further relief the Court deems appropriate.

Dated: July 16, 2014                    Respectfully submitted,

By:     */s/ Patrick J. Neligan, Jr.*
        Patrick J. Neligan, Jr.
        Texas Bar No. 14866000
        pneligan@neliganlaw.com
        James P. Muenker
        Texas Bar No. 24002659
        jmuenker@neliganlaw.com

        NELIGAN FOLEY LLP
        325 N. St. Paul, Suite 3600
        Dallas, Texas 75201
        Telephone: (214) 840-5300
        Facsimile: (214) 840-5301

        **PROPOSED COUNSEL FOR THE DEBTOR**

### CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2014, a true and correct copy of the foregoing document was served on each of the parties on the attached list by either overnight mail, e-mail, or U.S. First Class Mail, postage prepaid.

*/s/ Patrick J. Neligan, Jr.*
Patrick J. Neligan, Jr.

Emergency Motion for Interim and Final Orders Prohibiting Utilities from Altering, Refusing, or Discontinuing Service and Determining Adequate Assurance of Payment for Utility Services    Page 6

14-50861 - #5   File 07/16/14   Enter 07/16/14 17:31:49   Main Document   Pg 6 of 9

# EXHIBIT A

| VENDOR NAME/ADDRESS | ACCOUNT NUMBER | AVERAGE MONTHLY COST | PROPOSED ADEQUATE ASSURANCE DEPOSIT |
|---|---|---|---|
| Cox Communications, Inc.<br>P.O. Box 60001<br>New Orleans, LA 70160-0001 | 0015711062106102<br>0015711069247901 | $408.48<br>$1,701.03 | $408.48<br>$1,701.03 |
| Energy Gulf States LA, LLC<br>P.O. Box 8103<br>Baton Rouge, LA 70891-8103 | 102046448<br>54880075<br>54880133 | $48.04<br>$346.89<br>$7,075.99 | $48.04<br>$346.89<br>$7,075.99 |
| Stericycle, Inc.<br>P.O. Box 6575<br>Carol Stream, IL 60197-6575 | 6054313 | $102.89 | $102.89 |
| Utility Payment Processing BR Water<br>P.O. Box 96025<br>Baton Rouge, LA 70896-9025 | 10106706006303<br>10106706020804 | $102.89<br>$2,334.42 | $102.89<br>$2,334.42 |
| Waste Management of LA<br>P.O. box 9001054<br>Louisville, KY 40290-1054 | 154-0921312-2154-8<br>154-0922097-2154-4 | $1,463.03 | $1,463.03 |
| Waste Management, Inc.<br>P.O. Box 930580<br>Atlanta, GA 31193 | 2154-154891826 | $1,163.32 | $1,163.32 |

# SERVICE LIST
*In re Regency 14333 Tenant, LLC*

Office of the United States Trustee
300 Fannin Street, Suite 3196
Shreveport, LA 71101

Gail B. McCulloch
Attorney for U.S. Trustee
300 Fannin Street, Suite 3196
Shreveport, LA 71101

Acadian Ambulance Service
9213 Interline Avenue
Baton Rouge, LA 70809

American Mobile Medical
174 Grant Road
Opelousas, LA 70570

Campos Medical Pharmacy/Omnicare
660 Distributors Row, Suites A & B
Jefferson, LA 70123

Direct Supply Healthcare Equipment
P.O. Box 88201
Milwaukee, WI 53288-0201

Auto-Chlor Services Inc.
Dept. #205
P.O. Box 4869
Houston, TX 77210-4869

First Parish Transportation
c/o Yell Cab of Baton Rouge
6057 Pino Street
Baton Rouge, LA 70806-1222

Healthcare Services Group, Inc.
3220 Tillman Drive, Suite 300
Bensalem, PA 19020

Firequest Fire Alarm Service
12097 Old Hammond Hwy., Ste. F-1
Baton Rouge, LA 70816

First Parish Transportation
d/b/a Yellow Cab of Baton Rouge
6057 Pino Street
Baton Rouge, LA 70806-1222

Himmels Hardware & Cabinets
P.O. Box 960
Prairieville, LA 70769

Joerns Healthcare Inc.
P.O. Box 933733
Atlanta, GA 31193

Karl Koch
121 Watts Street, Suite F
Jonesboro, LA 71251

LA Dept. of Health and Hospitals
P.O. Box 845748
Boston, MA 02284-5748

Louisiana Nursing Home Association
7844 Office Park Blvd.
Baton Rouge, LA 70809

Maintenance Warehouse
P.O. Box 509058
San Diego, CA 92150-9058

Medline Industries
P.O. Box 382075
Pittsburgh, PA 15251-8075

Omnicare
340 South Cleveland Ave.
Building 370 OH1-0471
Westerville, OH 43081

Reliant Transportation Group Inc.
728 North Blvd.
Baton Rouge, LA 70802

Vascular Associates Laboratory Inc.
8595 Pichardy Ave., Suite 320
Baton Rouge, LA 70809

U.S. Foodservice
3682 Collection Center Drive
Chicago, IL 60693-0036

80178v.1

East Baton Rouge Parrish Tax Assessor
222 St. Louis Street, Room 126
Baton Rouge, LA 70802

Internal Revenue Service
4021-A Ambassador Caffery Parkway
Lafayette, LA 70503

Energy Gulf States LA, LLC
P.O. Box 8103
Baton Rouge, LA 70891-8103

Utility Payment Processing BR Water
P.O. Box 96025
Baton Rouge, LA 70896

Waste Management, Inc – National
P.O. Box 930580
Atlanta, GA 31193

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19191-7346

Cox Communications, Inc.
P.O. Box 60001
New Orleans, LA 70160-0001

Stericycle, Inc.
P.O. Box 6575
Carol Stream, IL 60197-6575

Waste Management of LA – Baton Rouge
P.O. Box 9001054
Louisville, KY 40290-1054